NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA ISABEL LOPEZ DE LEON, | No. 19-73309 |
| Petitioner, | Agency No. A029-953-624 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2022**

Before:     SILVERMAN, KOH, and SANCHEZ, Circuit Judges.

Maria Isabel Lopez De Leon, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") decision denying her applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

Lopez De Leon does not challenge the agency's determination that she failed to demonstrate past persecution, so she has waived that issue. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

Substantial evidence supports the agency's conclusion that Lopez De Leon failed to establish that she was or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").[1]

We lack jurisdiction to consider Lopez De Leon's claim of persecution based upon the proposed particular social group of her family because she did not raise it before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir.

---

[1] Our conclusion is not affected by the differing nexus standards applicable to asylum and withholding of removal claims. *Cf. Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017) (observing that in *Zetino* we drew no distinction between the standards where there was no nexus at all between the feared persecution and the protected ground).

19-73309

2004).  Lopez De Leon's claim of persecution based on political opinion is foreclosed by *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092-93 (9th Cir. 2013) (general opposition to gangs and gang recruitment are not protected grounds). Thus, her asylum and withholding of removal claims fail.

We lack jurisdiction to review any challenge to the agency's denial of Lopez De Leon's CAT claim because she did not exhaust it before the BIA.  *See Barron*, 358 F.3d at 677-78.

The record does not support Lopez De Leon's claim that the agency failed to consider relevant country conditions evidence or otherwise failed to review and consider the evidence presented.  *See, e.g.*, *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894 (9th Cir. 2018) ("There is no indication that the IJ or BIA did not consider all the evidence before them.").

We also reject Lopez De Leon's assertion that the agency did not explain how it reached its conclusion.  *See, e.g., Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the agency does not have to write an exegesis on every contention raised).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

19-73309